UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

JOHN R. LYNCH,                           Case No. 12-61025
                                                  Chapter 7
Debtor.                              Hon. Walter Shapero

_____/

OPINION REGARDING MOTION FOR RELIEF FROM STAY [DOCKET NO. 16]

The matter before the Court is the Motion for Relief from Stay filed by Marian Tankersley and Richard Diehl ("Creditors").

I.   Procedural Background and Facts

On September 17, 2012, John Lynch ("Debtor") filed his Chapter 7 bankruptcy petition. On November 21, 2012, the Creditors filed their Motion for Relief from Stay, in which they seek a lift of the stay to allow pending litigation in the United States District Court for the Eastern District of Michigan to proceed in order to liquidate their claims against the Debtor and to allow that Court to determine dischargeability of the debt. The background regarding the litigation pending in that Court follows.

In 2007, the Creditors purchased a mobile auto repair and painting franchise from Collision on Wheels International, LLC ("CWI"). In January 2009, pursuant to their franchise agreement with CWI, the Creditors served a demand for arbitration on CWI alleging that CWI committed multiple violations of the Michigan Franchise Investment Laws ("MFIL"). Included in the Creditors' claims against CWI were allegations of specific omissions and misrepresentations relating to the sale of the franchise.

1

The matter was submitted to arbitration before the American Arbitration Association, Case No. 54-114-00348-09 01 MECB-C (the "Arbitration"). The Creditors prevailed in the Arbitration, establishing multiple violations by CWI of the MFIL, including violations of the MFIL section 5(b), Mich. Comp. Laws. Ann. § 445.1505.  That section provides: "A personal shall not, in connection with the filing, offer, sale, or purchase of any franchise, directly or indirectly: . . . [m]ake any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading." Section 32 of the MFIL, Mich. Comp. Laws. § 445.1532, provides:

> A person who directly or indirectly controls a person liable under this act, a partner in a firm so liable, a principal executive officer or director of a corporation so liable, a person occupying a similar status or performing similar functions, an employee of a person so liable who materially aids in the act or transaction constituting the violation, is also liable jointly and severally with and to the same extent as the person, unless the other person who is so liable had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist.

In conjunction with their demand for arbitration to CWI, the Creditors requested that the Debtor, who was CEO, CFO, and a controlling member of CWI, and CWI's other officers and directors join the Arbitration.  The Debtor and the other officers and members refused.

On October 30, 2009, the Creditors filed a civil action against the Debtor and the other CWI officers and members in the California Superior Court.  The defendants removed the action to the United States District Court for the Northern District of California.  Because the joint and several liability issue against the defendants necessarily required a precursory finding that CWI violated the MFIL, the parties agreed to stay the California United States District Court case until the Arbitration was resolved.

The Creditors prevailed in the Arbitration and successfully established that CWI committed multiple violations of the MFIL.  On June 10, 2010, the arbitrator issued an interim

order in favor of the Creditors and against CWI on the issue of liability. The arbitrator did not issue a final order at that time because the parties agreed to bifurcate the Arbitration to allow a later determination of costs and attorneys' fees once liability had been established.

Prior to a hearing on the second phase of the Arbitration (relating to fees and costs), CWI filed a Chapter 7 bankruptcy petition, Case No. 10-63350, on July 22, 2010. On August 17, 2010, the Creditors sought and obtained relief from the automatic stay in the CWI bankruptcy case to allow them to fully liquidate their claims against CWI. The arbitrator thereafter completed the second phase of the Arbitration and, on February 22, 2011, issued a final total award (including the costs and attorney fees) in favor of the Creditors in the amount of $566,820.21.

On March 7, 2011, the Creditors filed the Arbitration award with the United States District Court for the Eastern District of Michigan, Case No. 2:11-cv-10901, and, on June 6, 2011, that Court confirmed the award as a final judgment.

Once the Arbitration was completed, the stipulated stay of the United States District Court for the Northern District of California case ended and the case moved forward against the Debtor and the other CWI officers and members to establish their joint and several liability. That case was eventually transferred from California and is currently pending in the United States District Court for the Eastern District of Michigan, Case No. 2:11-cv-12847-MOB-LJM ("District Court Case").[1] On July 10, 2011, the Debtor filed an answer in the District Court Case. On September 26, 2011, the Debtor, individually, and the other defendants, as a group, filed Motions for Summary Judgment. Those Motions were denied. Trial was set for November

---

[1] The other officers of CWI named in the District Court Case Complaint are Gregory Longe, Richard Bass, Lou Mancina, and John Maio.

5, 2012, and the parties began to conduct discovery and made several unsuccessful attempts to settle the matter.

Thereafter, on September 17, 2012, the Debtor filed his bankruptcy petition. Prior to the Debtor filing his bankruptcy petition, the Creditors sought guidance in the District Court Case relating to the Debtor's threats of filing for bankruptcy protection, as well as issues raised by another defendant, Richard Bass ("Bass"). Bass had previously filed a Chapter 7 bankruptcy petition in the Eastern District of Michigan, Case No. 10-47475, while the lawsuit against him was pending, but he failed to given the Creditors notice of the bankruptcy. He received a discharge in that no-asset Chapter 7 bankruptcy case on June 20, 2010. The Creditors filed a request in the District Court Case for a limited withdrawal of the reference, seeking to liquidate the claims against all of the defendants with regard to the joint and several liability claim and to have that District Court determine the dischargeability of the debt, if such exists, pursuant to 11 U.S.C. § 523(a)(2)(A) with regard to the Debtor and Bass. That District Court instructed the parties to file briefs addressing the issues and set a hearing. That Court held a hearing on the Creditor's request for limited withdrawal of the reference on October 16, 2012, and (a) ruled that it would determine the issue of dischargeability of the debt, if such is determined to exist, as to Bass, but denied the Creditors' request as to the Debtor, and (b) directed the Creditors to further pursue the issue in the bankruptcy court.

II. <u>Discussion</u>

Section 362 of the Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities," of the commencement or continuation of judicial proceedings against the debtor. *See* 11 U.S.C. § 362(a)(1). Subsection (d) of Section 362, provides as

follows, however: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d). Because "cause" for relief from the automatic stay is not defined by § 362(d)(1), "courts must determine whether discretionary relief is appropriate on a case-by-case basis." *Laguna Associates L.P. v. Aetna Casualty & Surety. Co. (In re Laguna Associates L.P.)*, 30 F.3d 734, 737 (6th Cir. 1994). In determining whether litigation that was pending against a debtor at the time of filing should be permitted to continue in another, non-bankruptcy forum, the court should weigh a variety of factors, including judicial economy, trial readiness, the resolution of preliminary bankruptcy issues, the creditor's chance of success on the merits, the cost of defense or other potential burden to the bankruptcy estate, and the impact of the litigation on other creditors. *Garzoni v. K–Mart Corp. (In re Garzoni),* 35 Fed. Appx. 179, 181 (6th Cir. 2002).

The Creditors argue that, if relief from stay is not granted, the parties will be forced to litigate the same issues and facts in two separate forums. Moreover, they argue that the witnesses in the District Court Case and the adversary proceeding before this Court will be identical, and they will be subject to duplicative and overlapping discovery and depositions in both forums.

Having reviewed the pleadings and the arguments of the parties, the Court finds that, on balance, the above stated factors weigh in favor denying the requested lift of stay. First, with regard to the dischargeability determination issue, despite the fact that in the District Court Case it has been determined that that Court will determine the issue of dischargeability of the debt, if such is determined to exist, as to defendant Bass, this Court has exclusive jurisdiction to determine the dischargeability of any debt owed by the Debtor to the Creditors under 11 U.S.C. §

5

523(a)(2), (a)(4), and (a)(6). Accordingly, the Creditors' request to allow the District Court to determine the issue of dischargeability of the debt, if any, owed by the Debtor to the Creditors must be denied.

There was some question of whether the two issues (the determination of liability and the amount thereof and the determination of dischargeability of that debt) could be bifurcated to permit the District Court to determine the liability issue and then have this Court determine the dischargeability of the debt, if any, owed by the Debtor. If that request was granted, there would be an underlying concerns that if the District Court case proceeds to a judgment against the Debtor, unless the District Court Judge can also determine the dischargeability of the debt arising from that judgment, there will be a substantial collateral estoppel effect arising from that judgment or the proceedings leading to it that would be asserted in an adversary proceeding filed by the Creditors, and perhaps even the Collision on Wheels International, LLC ("CWI") Trustee as well. Neither the Creditors nor the CWI Trustee will agree that they will waive the collateral estoppel argument in any adversary proceedings under 11 U.S.C. §§ 523 or 727.

In this case, if the Court decided to lift the stay, there will arguably be collateral estoppel arguments down the line. If not, there will essentially be two different trials covering the issues of liability and dischargeability, one before the District Court involving the liability of all of the defendants other than the Debtor, and also the determination of dischargeability of any resulting debt owed by Bass, and the other in this Court involving both the liability of the Debtor and the determination of dischargeability of any resulting debt owed by the Debtor. While both cases would essentially involve the same facts and an application of the Michigan Franchise Law, the possibility for inconsistent decisions, especially where this Court has exclusive jurisdiction over and must determine the dischargeability issue as to the Debtor, weighs in favor of this Court

deciding both the liability of the Debtor and the dischargeability of any debt owed by him to the Creditors.

Accordingly, the Creditor's Motion for Relief from Stay is denied. Counsel for the Debtor shall prepare and present an appropriate order.

.

**Signed on August 30, 2013**

                                          **/s/ Walter Shapero**
                            **Walter Shapero**
                            **United States Bankruptcy Judge**